UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL VANCE,

       Plaintiff,

v.                                   Case No. 2:10-cv-217
                                       HON. R. ALLAN EDGAR

PRISON HEALTH SERVICES, et al.,

       Defendants.

_____/

## OPINION

       Plaintiff Michael Vance, an inmate currently confined at the G. Robert Cotton Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 alleging that he failed to receive proper dental care in violation of his First, Eighth and Fourteenth Amendment rights. Plaintiff also asserts claims under the Michigan Constitution, the Americans with Disabilities Act, as well as state law claims of negligence and intentional infliction of emotional distress. Plaintiff claims arise from his incarceration in the Kinross Correctional Facility (KCF). Plaintiff has named defendants Prison Health Services, Dr. William Gillette, Jr., Dr. Sidney Andrews, Dr. Kent Owens, Dr. Eric Hayhurst, Registered Nurse Tanya Cunningham, Dental Assistant Janice Postma, Dr. Michael Moir, Dental Assistant Anita Lovegrove, and Dental Assistant Cynthia Severance. Plaintiff sues defendants in their official and individual capacities.

       Plaintiff claims that defendants were deliberately indifferent to his medical care due to improper dental treatment by Dr. Moir on May 15, 2009. Plaintiff claims that on October 2, 2009, he was examined by Dr. Owens, who indicated that numbness and frequent pain suffered by plaintiff

was due to improperly performed dental surgery.  Dr. Owens allegedly noted that plaintiff's pain and infection was progressing in severity and duration at that time, despite plaintiff's continued requests for health care.  Plaintiff continued to complain to defendant Cunningham that his dental issues had not been corrected and that Ibuprofen did little to alleviate his severe pain.  Plaintiff complains that defendants were violating his Eighth Amendment rights by denying proper treatment and displaying deliberate indifference to his medical needs.  Plaintiff complains that his requests for treatment were either ignored or that he was provided only minimum treatment to save expense to the prison.  Plaintiff states that the treatment he received did nothing to resolve his medical issues and instead caused further complications, including paralysis of a significant portion of plaintiff's lower lip and gum.

Plaintiff requested an MRI or CT scan because repeated x-rays did not disclose the cause of his medical problems.  Plaintiff felt that if medical staff used an MRI or CT scan they would be able to discover the cause of his problem, provide him with appropriate pain relief, and conduct a proper procedure to correct the problem.  The response that plaintiff received indicated that he had been seen numerous times by dental staff, had finished his prescribed antibiotic, and had a pending off-site appointment with an oral surgeon.  However, plaintiff was encouraged to continue to send further kites or medical requests for any of his concerns.  Plaintiff claims that the care provided was inadequate and indifferent to his medical needs and caused him further pain and complications.  In fact, plaintiff claims that it was only after he made this complaint that he received the off-site appointment with the oral surgeon and that it was misleading to indicate that the appointment had been made prior to the complaint.

Plaintiff was seen by an off-site dentist on February 18, 2010.  Plaintiff claims that this was the same dentist that caused his initial complications by providing substandard and

inadequate treatment. This dentist apparently verified that plaintiff now suffered with nerve damage to his lower lip and gums. An abnormal tumor growth was also discovered in plaintiff's lower jaw in the area where plaintiff was complaining about pain. A biopsy was taken. Plaintiff was given a two to three day supply of Motrin 800 and then on February 6, 2010, plaintiff was provided with 200mg of Ibuprofen. Plaintiff did not receive follow-up care until six days later. No antibiotics were prescribed and no adequate pain medication was provided. Plaintiff suffered with a significant infection as a result of the biopsy and failure to properly treat the site. Plaintiff was first given an antibiotic to fight the infection on February 26, 2010. Plaintiff claims that he was encouraged to follow the "plan of care." At that time, plaintiff had to give the prison staff information about his February 18, 2011, off site examination and biopsy because they did not have any information about the examination and biopsy. Dental staff had not found the cause of plaintiff's medical problems at that time.

Plaintiff was again examined by Dr. Moir on March 11, 2010. Plaintiff alleges that he was told for the first time that he had an aggressive life threatening form of cancer, Non-Hodgkins B-Cell Lymphoma. Plaintiff required an intense resection of the tumor, chemotherapy, and radiation therapy. Staff began to take plaintiff's complaints seriously after plaintiff was diagnosed with cancer. Plaintiff complains that he was subjected to unnecessary pain and suffering, unnecessary surgical procedures, loss of teeth, and nerve damage. Plaintiff states that it took nearly a year to discover his tumor and that it could have easily been discovered much sooner if any of the defendants would have listened to his complaints and attempted to provide appropriate medical care.

Plaintiff requests a declaratory judgment that defendants violated his Eighth Amendment rights, an injunction to prevent defendants from retaliating against plaintiff for exercising his right to access the courts, and an injunction to order defendants and their agents to

secure adequate and prompt medical care for plaintiff.  Plaintiff requests compensatory and punitive damages.

Defendants dentist Dr. Owen and dental assistants Postma and Severance move to dismiss and alternatively for summary judgment.  Defendants have submitted evidence outside the pleadings and this Court has already determined that the complaint was not frivolous and stated a claim against the defendants.  Accordingly, the Court will consider defendants' motion for summary judgment.

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).  If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial.  *Id.* at 324-25.  The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).  The evidence must be viewed in the light most favorable to the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true.  *Muhammad v. Close***,** 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)).  However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient.  *Anderson*, 477 U.S. at 251-52.  Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252.  *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue

- 4 -

of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendant Dr. Owen has asserted that he has worked at the Chippewa Correctional Facility since August of 2000. On May 14, 2009, Dr. Owen received a telephone call from KCF staff concerning plaintiff, who was complaining of severe pain. Dr. Owen gave an RN a verbal order to administer plaintiff IM Torodol. On October 2, 2009, Dr. Owen evaluated plaintiff, who had complaints from a previous tooth extraction. Dr. Owen referred plaintiff to be evaluated by an off-site oral surgeon. On March 9, 2010, Dr. Owen informed plaintiff that the oral surgeon requested a second biopsy and that the oral surgeon stated that there was a possibility of a malignancy. Dr. Owen called Prison Health Services that same day to confirm that the second biopsy was needed and upgraded the biopsy to an emergency.

KCF dental assistant Janice Postma states that when plaintiff sent a health care request on January 2, 2009, she placed plaintiff on the call-out list to see a dentist. When she received a health care request from plaintiff on March 19, 2009, requesting an exam and cleaning, she placed plaintiff on the exam list. Defendant Postma states that she received a health care request from plaintiff on March 9, 2010, complaining of tooth pain. Plaintiff was evaluated that same day by a dentist. KCF dental assistant Cynthia Severance states that when a food service officer called on May 4, 2009, stating that plaintiff was experiencing tooth pain, plaintiff was placed on call-out and was evaluated the next day by a dentist. On May 20, 2009, plaintiff sent a health care request complaining of pain at the extraction site. Plaintiff was seen by a dentist that day. Plaintiff complained on June 16, 2009, that he had a "bone splinter or partial root fragment protruding from the gum." Plaintiff was placed on call-out and was evaluated the next day by a dentist. When plaintiff complained on June 29, 2009, of an infection and pain, he was placed on call-out and was

evaluated the next day.  Similarly, when plaintiff complained on July 8, 2009, he was placed on call-out and examined by the dentist the next day.  On August 6, 2009, defendant Severance took a telephone call from plaintiff's unit officer about plaintiff's complaints of jaw problems.  Plaintiff was seen that day by the dentist.  Plaintiff complained of numbness in his jaw on August 31, 2009.  Plaintiff was seen the next day by a dentist.  Plaintiff sent a health request on September 30, 2009, stating that he needed his teeth pulled.  Defendant Severance responded to plaintiff explaining that he already was scheduled to see an oral surgeon.  Plaintiff requested, on October 1, 2009, to see his dental records relating to his September 30, 2009 visit.  Defendant Severance responded to plaintiff that plaintiff was not seen by a dentist on September 30, 2009, and that any medical record requests needed to go through medical records.

Plaintiff made a request for health care on October 13, 2009, to have a second tooth removed.  Defendant Severance informed plaintiff that a follow-up visit had been scheduled.  On October 23, 2009, plaintiff stated that he had pain coming from his jaw as a result of a recent extraction.  Plaintiff was seen by a dentist on October 26, 2009.  Plaintiff made a complaint about tooth pain on December 1, 2009.  Plaintiff was evaluated on December 3, 2009.  Plaintiff sent a health request on December 15, 2009, for pain and numbness.  Plaintiff was placed on call-out for evaluation.  Defendant Severance received a telephone call from the Food Service supervisor on January 20, 2010, that plaintiff was experiencing pain and swelling.  Plaintiff was evaluated by a dentist that day.

It is clear that plaintiff asserted in his complaint that defendants acted with deliberate indifference by failing to provide proper and timely treatment, subjecting him to unnecessary procedures, failing to discover his Lymphoma sooner, and subjecting him to unnecessary pain and suffering.  The Eighth Amendment prohibits the infliction of cruel and unusual punishment against

those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). If, however, the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer*, 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

- 7 -

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer*, 62 F.3d at 154-55; *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Perez v. Oakland County*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65

(6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998).

Plaintiff has not established that defendant Dr. Owen acted with deliberate indifference.  Dr. Owen had only limited involvement with plaintiff.  Dr. Owen, who was not employed at the facility where plaintiff was housed, ordered that plaintiff be given IM Torodol for his complaints of pain when he was notified by telephone that plaintiff was complaining of severe pain on May 14, 2009.  Dr. Owen had the opportunity to evaluate plaintiff once on October 2, 2009, when plaintiff complained of severe tooth pain.  Dr. Owen referred plaintiff to an off-site oral surgeon for evaluation and then later informed plaintiff that the oral surgeon wanted a second biopsy because he suspected a malignancy.  Dr. Owen clearly was not deliberately indifferent to plaintiff's medical needs and could not have been the cause of any delay that plaintiff experienced in dental care or the failure to properly diagnose the cause of plaintiff's pain.   The record establishes that Dr. Owen acted appropriately under the Eighth Amendment in providing dental care to plaintiff.

Similarly, defendants Postma and Severance did not provide dental care to plaintiff but simply scheduled plaintiff for dental care after plaintiff made complaints of tooth or jaw pain or when plaintiff indicated that he needed dental care.  Plaintiff has not set forth specific facts to show that defendants Postma or Severance were responsible for evaluating his dental problems or were the cause of any delay for his dental care.  The record establishes that when plaintiff made requests for dental care defendants Postma and Severance placed plaintiff on call-out for evaluation by a dentist.  Plaintiff has failed to show that defendants Postma and Severance acted with deliberate indifference to his dental or health care needs.

Accordingly, the motion for summary judgment filed by defendants Owen, Postma and Serverance will be granted.

Dated: _____ 9/15/2011 _____       _____ */s/ R. Allan Edgar* _____
                                            R. ALLAN EDGAR
                                            UNITED STATES DISTRICT JUDGE