UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL VANCE,

        Plaintiff,

v.                                         Case No. 2:10-cv-217
                                         HON. R. ALLAN EDGAR

PRISON HEALTH SERVICES, et al.,

        Defendants.

_____/

**OPINION**

Plaintiff Michael Vance, an inmate currently confined at the G. Robert Cotton Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 alleging that he failed to receive proper dental care in violation of his First, Eighth and Fourteenth Amendment rights.  Plaintiff also asserts claims under the Michigan Constitution, the Americans with Disabilities Act, as well as state law claims of negligence and intentional infliction of emotional distress. Plaintiff claims arise from his incarceration in the Kinross Correctional Facility (KCF).  Plaintiff has named defendants Prison Health Services, Dr. William Gillette, Jr., Dr. Sidney Andrews, Dr. Kent Owens, Dr. Eric Hayhurst, Registered Nurse Tanya Cunningham, Dental Assistant Janice Postma, Dr. Michael Moir, Dental Assistant Anita Lovegrove, and Dental Assistant Cynthia Severance. Plaintiff sues defendants in their official and individual capacities.

Plaintiff claims that defendants were deliberately indifferent to his medical care due to improper dental treatment by Dr. Moir on May 15, 2009.  Plaintiff claims that on October 2, 2009, he was examined by Dr. Owens, who indicated that numbness and frequent pain suffered by plaintiff

was due to improperly performed dental surgery. Dr. Owens allegedly noted that plaintiff's pain and infection was progressing in severity and duration at that time, despite plaintiff's continued requests for health care. Plaintiff continued to complain to defendant Cunningham that his dental issues had not been corrected and that Ibuprofen did little to alleviate his severe pain. Plaintiff complains that defendants were violating his Eighth Amendment rights by denying proper treatment and displaying deliberate indifference to his medical needs. Plaintiff complains that his requests for treatment were either ignored or that he was provided only minimum treatment to save expense to the prison. Plaintiff states that the treatment he received did nothing to resolve his medical issues and instead caused further complications, including paralysis of a significant portion of plaintiff's lower lip and gum.

Plaintiff requested an MRI or CT scan because repeated x-rays did not disclose the cause of his medical problems. Plaintiff felt that if medical staff used an MRI or CT scan they would be able to discover the cause of his problem, provide him with appropriate pain relief, and conduct a proper procedure to correct the problem. The response that plaintiff received indicated that he had been seen numerous times by dental staff, had finished his prescribed antibiotic, and had a pending off-site appointment with an oral surgeon. However, plaintiff was encouraged to continue to send further kites or medical requests for any of his concerns. Plaintiff claims that the care provided was inadequate and indifferent to his medical needs and caused him further pain and complications. In fact, plaintiff claims that it was only after he made this complaint that he received the off-site appointment with the oral surgeon and that it was misleading to indicate that the appointment had been made prior to the complaint.

Plaintiff was seen by an off-site dentist on February 18, 2010. Plaintiff claims that this was the same dentist that caused his initial complications by providing substandard and

inadequate treatment. This dentist apparently verified that plaintiff now suffered with nerve damage to his lower lip and gums. An abnormal tumor growth was also discovered in plaintiff's lower jaw in the area where plaintiff was complaining about pain. A biopsy was taken. Plaintiff was given a two to three day supply of Motrin 800 and then on February 6, 2010, plaintiff was provided with 200mg of Ibuprofen. Plaintiff did not receive follow-up care until six days later. No antibiotics were prescribed and no adequate pain medication was provided. Plaintiff suffered with a significant infection as a result of the biopsy and failure to properly treat the site. Plaintiff was first given an antibiotic to fight the infection on February 26, 2010. Plaintiff claims that he was encouraged to follow the "plan of care." At that time, plaintiff had to give the prison staff information about his February 18, 2011, off site examination and biopsy because they did not have any information about the examination and biopsy. Dental staff had not found the cause of plaintiff's medical problems at that time.

Plaintiff was again examined by Dr. Moir on March 11, 2010. Plaintiff alleges that he was told for the first time that he had an aggressive life threatening form of cancer, Non-Hodgkins B-Cell Lymphoma. Plaintiff required an intense resection of the tumor, chemotherapy, and radiation therapy. Staff began to take plaintiff's complaints seriously after plaintiff was diagnosed with cancer. Plaintiff complains that he was subjected to unnecessary pain and suffering, unnecessary surgical procedures, loss of teeth, and nerve damage. Plaintiff states that it took nearly a year to discover his tumor and that it could have easily been discovered much sooner if any of the defendants would have listened to his complaints and attempted to provide appropriate medical care.

Plaintiff requests a declaratory judgment that defendants violated his Eighth Amendment rights, an injunction to prevent defendants from retaliating against plaintiff for exercising his right to access the courts, and an injunction to order defendants and their agents to

secure adequate and prompt medical care for plaintiff. Plaintiff requests compensatory and punitive damages.

Defendant Prison Health Services moves for summary judgment. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Plaintiff's complaint states that Prison Health Services is liable because Prison Health Services provides health care on behalf of the MDOC and are liable for the actions of the individual

defendants.  Prison Health Services moves for summary judgment alleging that it does not provide dental care on behalf of the MDOC and did not employ any of the named defendants in this action. Plaintiff has not provided any response to defendant Prison Health Services' motion.

Prison Health Services has attached the affidavit of Mason Gill, Regional Vice President.  Gill states that Prison Health Services has never provided dental health care on behalf of the MDOC at KCF and has never contracted with any dental health care provider at KCF.  Prison Health Services has no right to exercise control of dental health care providers at KCF and had no control over any of the named defendants.  Prison Health Services provides physicians, physician's assistants, and nurse practitioners under contract with the MDOC.  Prison Health Services does not provide or employ nurses, health unit manager dentists, dental assistants, or other dental staff employees.

Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).  A party cannot be held liable under Section 1983 absent a showing that the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct.  *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982).  *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).  It is clear that Prison Health Services had no involvement in any of the claims asserted by plaintiff.  Accordingly, defendant Prison Health Services will be dismissed from this case.

Defendant Michael Moir has filed a motion for summary judgment.  However, defendant Moir relies only upon the face of the complaint, arguing that plaintiff's Eighth

Amendment, Fourteenth Amendment, and state law claims against him should be dismissed under Fed. R. Civ. P. 12(b)(6).  Although defendant Moir asks for summary judgment, he cites to the motion to dismiss standard which is vastly different than a Rule 56 motion for summary judgment which tests whether there exists a genuine issue of material fact.  Defendant Moir has not provided any affidavit or documentary evidence to support his claim for summary judgment.  Defendants Gillette, Hayhurst and Andrews have filed concurrences in what they describe as defendant Moir's motion to dismiss and/or motion for summary judgment.  However, no party has adequately supported a motion for summary judgment.  The Court is left with only a motion to dismiss the complaint, which is not well taken.

This Court undertakes an initial review of every prisoner case that is filed in the Western District of Michigan.  Prior to entering an order for service of process of a summons and complaint, this Court determines whether the complaint is frivolous or fails to state a claim upon which relief may be granted.  An initial review of the complaint was completed in this case and service of process was ordered on October 14, 2010.  If the Court believed that the complaint was frivolous or failed to state a claim for relief against any party, that party would have been dismissed from this action and never would have received a summons and complaint.  Clearly, plaintiff has presented sufficient allegations to support at least his Eighth Amendment claims.

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleading, requiring the court to determine whether the plaintiff would be entitled to relief if everything alleged in the complaint is true.  *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle [the plaintiff] to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  The court must construe the complaint in the light most

- 6 -

favorable to plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A judge may not dismiss the complaint simply because he disbelieves the complaint's factual allegations. *Conley*, 355 U.S. at 47.

Generally, a complaint need only give "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *In re Delorean Motor Co. v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (*quoting Conley*, 355. U.S. at 47). The fundamental purpose of pleadings under the Federal Rules of Civil Procedure is to give adequate notice to the parties of each side's claims and to allow cases to be decided on the merits after an adequate development of the facts. *Mayer*, 988 F.2d at 638. While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *Delorean*, 991 F.2d at 1240. "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (internal quote omitted).

Defendant Moir argues that he provided plaintiff with dental care. Defendant Moir correctly argues that plaintiff's Fourteenth Amendment claims are essentially the same as the claims brought under the Eighth Amendment. Plaintiff's substantive due process claim should be analyzed under the standards applicable to the Eighth Amendment. *See e.g. Graham v. Connor*, 490 U.S. 386, 395 (1989) (where there is "an explicit textual source of constitutional protection" for a plaintiff's claim, the standard applicable to that source, and "not the more generalized notion of substantive due process" should be applied); *Dietrich v. Burrows*, 167 F.3d 1007, 1013 (6th Cir. 1999) (*citing Albright v. Oliver*, 510 U.S. 266, 273 (1994)) (same). *See also Walker v. Norris*, 917 F.2d 1449 (6th Cir. 1990) (a prisoner's substantive due process claim is properly analyzed solely as one under the Eighth Amendment, "which is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions"). While it is recognized that it was redundant under the Constitution for

- 7 -

plaintiff to assert Fourteenth Amendment claims and Eighth Amendment claims in his complaint, there exists no practical reason to dismiss the Fourteenth Amendment claims without dismissing the Eighth Amendment claims, other than for housekeeping matters since the claims are legally identical.

It is clear that plaintiff asserted in his complaint that defendants acted with deliberate indifference by failing to provide proper and timely treatment, subjecting him to unnecessary procedures, failing to discover his Lymphoma sooner, and subjecting him to unnecessary pain and suffering. The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). If, however, the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001).

- 8 -

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834).  Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105.  As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind.  Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.  In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (quotations omitted).  Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer*, 62 F.3d at 154-55; *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996).  This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received

inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).  Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Perez v. Oakland County*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998).

Plaintiff has set forth allegations against defendants that amount to more than a simple disagreement with the course of his medical care.  Plaintiff has set forth allegations that he made requests for dental or medical care that were ignored.  Plaintiff alleges that his requests for pain medication were ignored.  Plaintiff complains that he was subjected to unnecessary procedures that caused further complications that went uncorrected for a considerable period of time.  Plaintiff has set forth allegations that he was subjected to a significant delay in medical care and that his Lymphoma should have been discovered much sooner absent defendants' deliberate indifference to his complaints.  While defendants merely argue that an earlier discovery of Lymphoma would not have affected chemotherapy or radiation therapy, that claim is unsupported in the factual record and completely fails to address plaintiff's claims of unnecessary exposure to pain and suffering.

Plaintiff has clearly set forth sufficient allegations in his complaint to state a claim upon which relief may be granted.  Defendants have failed to show that a motion under Rule 12(b)(6) should be granted.  Further, to the extent that defendants made an attempt to move for summary judgment under Rule 56, defendants have not met their burden to support a summary judgment motion.  If defendants wish to move for summary judgment in the future, they should present the

Court with a properly supported motion explaining why they believe that they are entitled to summary judgment.  The motion should be based upon something more than simply the allegations in the complaint.  The Court presently has no idea what course of action any of the defendants took to provide dental care to plaintiff.  The record does not contain affidavits, dental records, or medical records that could support any defendant's argument for summary judgment.

Accordingly, defendant Moir's motion for summary judgment and the concurrence and joinder in that motion by defendants Gillette, Hayhurst and Andrews will be denied.  Defendant Prison Health Services' motion for summary judgment will be granted.


Dated: _____9/15/2011_____          _____/s/ R. Allan Edgar_____
                                        R. ALLAN EDGAR
                                        UNITED STATES DISTRICT JUDGE